IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ACS PARTNERS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICON GROUP, INC. and )<br>MICHAEL CAPUTO, )<br>)<br>Defendants. ) | Civil Action No: 3:09-cv-464 |

## ANSWER OF AMERICON GROUP, INC.

Defendant Americon Group, Inc. ("Americon") hereby responds to Plaintiff's Complaint. Americon denies the validity of the claims and statements made in the first unnumbered paragraph in the Complaint. Americon responds to the numbered paragraphs in the Complaint as follows.

1. Upon information and belief, admitted.

2. Americon admits that it is a Florida corporation with its principal place of business in Florida. Americon denies the remaining allegations of paragraph 2.

3. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 3 and, therefore, denies them.

4. Denied.

5. Denied. Americon specifically denies that the amount in controversy exceeds $75,000.

EE:00097021.

6. Denied.

7. Denied.

8. Americon admits that ACS is engaged in the construction and renovation business. Except as admitted, Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8 and, therefore, denies them.

9. Denied.

10. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10 and, therefore, denies them.

11. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 11 and, therefore, denies them.

12. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12 and, therefore, denies them.

13. Americon admits that James E. Tatterson was employed by ACS from February 16, 2009 until his resignation on April 24, 2009. Americon admits that Tatterson was initially hired by ACS for a 90 day period. Except as admitted, Americon denies the allegations of paragraph 13.

14. Americon admits that it was incorporated on April 10, 2009. Except as admitted, Americon denies the allegations of paragraph 14.

15. Denied.

16. Denied.

17. Denied.

18. Americon lacks information and knowledge as to the date that Caputo resigned from his employment with ACS. Except as admitted, Americon denies the allegations of paragraph 18.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Americon incorporates by reference, as if restated herein, its responses to Complaint paragraphs 1-23.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Americon incorporates by reference, as if restated herein, its responses to Complaint paragraphs 1-36.

38. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 38 and, therefore, denies them.

39. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 39 and, therefore, denies them.

40. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 40 and, therefore, denies them.

41. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 41 and, therefore, denies them.

42. Denied.

43. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 43 and, therefore, denies them.

44. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 44 and, therefore, denies them.

45. Denied.

46. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 46 and, therefore, denies them.

47. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 47 and, therefore, denies them.

48. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 48 and, therefore, denies them.

49. Americon incorporates by reference, as if restated herein, its responses to Complaint paragraphs 1-48.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Americon incorporates by reference, as if restated herein, its responses to Complaint paragraphs 1-53.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Americon incorporates by reference, as if restated herein, its responses to Complaint paragraphs 1-59.

61. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 61 and, therefore, denies them.

62. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 62 and, therefore, denies them.

63. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 63 and, therefore, denies them.

64. Americon incorporates by reference, as if restated herein, its responses to Complaint paragraphs 1-63.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Americon incorporates by reference, as if restated herein, its responses to Complaint paragraphs 1-70.

72. Denied.

73. Denied.

74. Denied.

75. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 75 and, therefore, denies them.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Americon incorporates by reference, as if restated herein, its responses to Complaint paragraphs 1-88.

90. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 90 and, therefore, denies them.

91. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 91 and, therefore, denies them.

92. Denied.

93. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 93 and, therefore, denies them.

94. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 94 and, therefore, denies them.

95. Americon lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 95 and, therefore, denies them.

96. Denied.

97. Denied.

98. Americon incorporates by reference, as if restated herein, its responses to Complaint paragraphs 1-97.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Americon incorporates by reference, as if restated herein, its responses to Complaint paragraphs 1-108.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

## FIRST DEFENSE

To the extent Plaintiff has been damaged, which is denied, Plaintiff's claims against Americon are barred to the extent that Plaintiff failed to mitigate its damages.

## SECOND DEFENSE

Americon pleads waiver, offset, estoppel, unclean hands, and any other matter constituting avoidance of Plaintiff's claims.

## THIRD DEFENSE

Plaintiff has filed a nearly identical lawsuit against Americon in the federal court in the Middle District of Florida, Orlando Division. Economy of both judicial resources and the parties' resources dictates that this lawsuit should be consolidated into the case pending in Florida.

## FOURTH DEFENSE

Americon never had any contractual, statutory, or common-law duty to Plaintiff. Plaintiff's lawsuit merely serves to harass a legitimate business competitor and is, therefore, unlawful.

## FIFTH DEFENSE

Americon reserves the right to raise additional defenses and objections in the event facts are uncovered that give rise to such defenses and objections.

WHEREFORE, Defendant Americon asks the Court for the following relief:

1. That Plaintiff have and recover nothing from Defendant Americon;

2. That Plaintiff's request for injunctive relief be denied;

3. That Plaintiff be taxed the costs of this action; and

4. That the Court order such other and further relief as it deems necessary.

THIS the 9th day of December, 2009.

                          s/ Lex M. Erwin
                          Lex M. Erwin
                          North Carolina Bar No. 34619
                          Amy N. Bokor
                          North Carolina Bar No. 35316
                          Erwin and Eleazer, P.A.
                          831 East Morehead Street, Suite 840
                          Charlotte, NC 28202
                          Email: lerwin@erwinlegalteam.com
                          *Attorneys for Defendant Americon Group, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Answer of Americon Group, Inc. was electronically filed with the Clerk of the Court using CM/ECF filing system and served via electronic transmission through the Court's facilities in accordance with Rule 5 of the Federal Rules of Civil Procedure, and applicable local rules upon the following CM/ECF participants:

| | |
|---|---|
| Michael L. Wade, Jr. | Steven John Whitehead |
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | Marshall & Lueder |
| 201 South College Street, Suite 230 | Five Concourse Parkway |
| Charlotte, North Carolina 28244 | Suite 2600 |
| Tel: 704-342-2588 | Atlanta, Georgia 30328 |
| Fax: 704-342-4379 | Tel: 678-514-2704 |
| Email: michael.wade@ogletreedeakins.com | Fax: 678-514-2751 |
| | Email: swhitehead@marshall-lueder.com |

and the following non CM/ECF participants:

> Robert C. Dortch, Jr.
> Sellers, Hinshaw, Ayers, Dortch & Lyons, P.A.
> 301 S. McDowell Street, Suite 410
> Charlotte, North Carolina 28204
> Tel: 704-377-5050
> Fax: 704-399-0172

This the 9th day of December, 2009.

      s/ Lex M. Erwin
Lex M. Erwin
State Bar No. 34619
ERWIN AND ELEAZER, P.A.
831 East Morehead Street, Suite 840
Charlotte, NC 28202
Telephone: 704-369-7900
Facsimile: 704-335-5433
Email: lerwin@erwinlegalteam.com
*Attorneys for Defendant Americon Group, Inc.*

EE:00097021.