IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ACS PARTNERS, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 3:09-cv-464 |
| AMERICON GROUP, INC., and MICHAEL CAPUTO, | ) |
| Defendants. | ) |

**MEMORANDUM IN OPPOSITION TO DEFENDANT MICHAEL CAPUTO'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW ACS Partners, LLC ("ACS"), Plaintiff in the above-styled action, and files its Memorandum in Opposition to Defendant Michael Caputo's Partial Motion to Dismiss.

**INTRODUCTION AND NATURE OF THE CASE**

For brevity, ACS references and adopts, as if fully set forth herein, the Introduction and Nature of the Case as set forth in ACS's Memorandum in Opposition to Defendant Michael Caputo's Partial Motion to Dismiss Plaintiff's Complaint filed December 21, 2009. (Doc. 19.)

**ARGUMENT AND CITATION OF AUTHORITIES**

Defendant Michael Caputo ("Caputo") moves to dismiss the conversion claim set forth in ACS's Amended Complaint.[1]  Caputo argues that dismissal is appropriate because the subject of the conversion claim is money, and Caputo argues that ACS "has not identified the personal property that was allegedly converted by Defendant Caputo" with specificity. (Doc. 20-1 at 3.)

---

[1] In the Conclusion of Caputo's Motion, he requests that the Court grant his Motion as well as Caputo's Partial Motion to Dismiss Plaintiff's Complaint (Doc. 14). For the reasons set forth in Plaintiff's Memorandum in Opposition to Defendant Michael Caputo's Partial Motion to Dismiss Plaintiff's Complaint (Doc. 19), Caputo's Partial Motion to Dismiss Plaintiff's Complaint should be denied.

1

As the authority cited by Caputo makes clear, Caputo's Motion is premature at best and must be denied. In *Alderman v. Inmar Enterprises, Inc.*, 201 F. Supp. 2d 532 (M.D.N.C. 2002), relied on by Caputo in his motion, plaintiff moved for *summary judgment* against defendant's counterclaim for conversion. Plaintiff argued summary judgment was appropriate because "the funds at issue were commingled . . . ." 201 F. Supp. 2d. at 548. The Court denied plaintiff's summary judgment motion, however, determining that "whether an action for conversion of money is proper" when funds are commingled is "a genuine issue of material fact." *Id.*

In *Gadson v. Toney*, 316 S.E.2d 320 (N.C. Ct. App. 1984), also relied on by Caputo in his Motion, the defendant moved for a *directed verdict* against plaintiff's conversion claim. Defendant argued that because the evidence presented at trial established that defendant had the authority to withdraw the money at issue, a directed verdict against plaintiff's counterclaim was required. While the trial court granted defendant's motion, the North Carolina Court of Appeals reversed, holding that the evidence, when taken in the light most favorable to plaintiff, was "sufficient to raise an inference that plaintiff was the owner of the money in the joint account and that defendant wrongfully assumed and exercised the right of ownership over that property to the exclusion of plaintiff's rights . . . ." 316 S.E.2d at 322.

Caputo has failed to cite any authority for the proposition that dismissal of ACS's conversion claim pursuant to Rule 12(b)(6) is appropriate prior to discovery. In fact, in both *Alderman* and *Gadson* the court *refused to grant the relief requested*, finding at a minimum a question of fact over whether or not the money allegedly converted could be identified, or finding that the evidence presented was sufficient to survive directed verdict.

ACS's Amended Complaint alleges that Caputo submitted personal expenditures as business expenses and was reimbursed by ACS for those expenses. (Doc. 18 ¶¶ 124-125.) ACS

cannot know, at this initial stage of pleading, what Caputo did with the money once it was received by him. ACS has not even had the opportunity to begin discovery. If the claims of conversion of money in both *Alderman* and *Gadson* were premature at the summary judgment and directed verdict stage, long after discovery had been conducted, then certainly Caputo's motion to dismiss is similarly premature and must be denied.

Dated this 19th day of January, 2010.

Respectfully submitted,

s/Steven J. Whitehead
Georgia Bar No. 755480
*Attorneys for Plaintiff*
MARSHALL & LUEDER
Five Concourse Parkway, Suite 2600
Atlanta, GA 30328
Tel: (678) 514-2704
Fax: (678) 514-2751
E-mail: swhitehead@marshall-lueder.com

s/Michael L. Wade, Jr.
North Carolina Bar No. 33520
*Attorneys for Plaintiff*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 S. College Street, Suite 2300
Charlotte, NC 28244
Tel: (704) 342-2588
Fax: (704) 342-4379
E-mail: michael.wade@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I, Michael L. Wade, Jr., hereby certify that on this 19th day of January, 2010, I electronically filed the foregoing **MEMORANDUM IN OPPOSITION TO DEFENDANT MICHAEL CAPUTO'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following persons:

>Robert C. Dortch, Jr.
>*Attorney for Michael Caputo*
>SELLERS, HINSHAW, AYERS, DORTCH & LYONS, P.A.
>301 S. McDowell Street, suite 410
>Charlotte, North Carolina 28204
>Telephone: (704) 377-5050
>Facsimile: (704) 339-0172
>Email: bdortch@sellershinshaw.com
>
>Lex M. Erwin
>*Attorney for Americon Group, Inc.*
>ERWIN & ELEAZER, PA
>831 East Morehead Street, Suite 840
>Charlotte, North Carolina 28202
>Telephone: (704) 369-7900
>Facsimile: (704) 335-5499
>Email: lerwin@eelaw.net

>s/Michael L. Wade, Jr.
>North Carolina Bar No. 33520
>*Attorney for Plaintiff*
>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>201 S. College Street, Suite 2300
>Charlotte, NC  28244
>Tel: (704) 342-2588
>Fax: (704) 342-4379
>E-mail: michael.wade@ogletreedeakins.com