UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv464-RJC-DSC

| | |
|---|---|
| ACS PARTNERS, LLC,                )<br>                                            )<br>            Plaintiff,                     )<br>                                            )<br>            v.                              )<br>                                            )<br>AMERICON GROUP, INC. &   )<br>MICHAEL CAPUTO,               )<br>                                            )<br>            Defendants.              )<br>_____)  | ORDER |

**THIS MATTER** is before the Court on defendant Michael Caputo's partial motion to dismiss the plaintiff's original complaint (Doc. No. 14), defendant Michael Caputo's partial motion to dismiss the plaintiff's amended complaint (Doc. No. 20), the briefs in support and opposition (Doc. Nos. 14-1, 19, 20-1, & 22), and the Magistrate Judge's Memorandum and Recommendations ("M&R") (Doc. No. 23). The matter is now ripe for review.

**I. BACKGROUND**

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court thus adopts the facts as set forth on pages two through five of the M&R.

**II. STANDARD OF REVIEW**

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

## III. DISCUSSION

Federal Rule of Civil Procedure 72(b) allows a party fourteen days to file specific written objections to a Magistrate Judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). The parties were notified that objections to the M&R were due by March 1, 2010. No objections have been filed as of the date of this Order.

Accordingly, after a careful review of the record in this case, the Court finds that the Magistrate Judge's recommendations are consistent with and supported by law. Thus, the Court hereby accepts the M&R of the Magistrate Judge and adopts it as the final decision of this Court for all purposes relating to this case.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. the defendant's partial motion to dismiss the original complaint (Doc. No. 14) is **DENIED as MOOT**; and

2

2. the defendant's partial motion to dismiss the amended complaint (Doc. No. 20) is **GRANTED IN PART** and **DENIED IN PART**, that is, **GRANTED** as to the plaintiff's claims for conversion, tortious interference with contract and prospective advantage, and violation of North Carolina's Unfair and Deceptive Trade Practices Act, and **DENIED** as to the plaintiff's claims for breach of the Non-Compete and Confidential Disclosure Agreements and misappropriation of trade secrets.

**SO ORDERED.**

Signed: March 5, 2010

Robert J. Conrad, Jr.
Chief United States District Judge